UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. |
| v. | ) |
| **JUD PROPERTIES, LLC**, a Michigan Limited Liability Company, | ) Judge: |
| *DBA* | ) |
| **Arby's** | ) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, LELAND FOSTER, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Matthew B. Bryant, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, JUD PROPERTIES, LLC. *DBA* Arby's Restaurant, a Michigan Limited Liability Company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff" or "Mr. Foster"), is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant JUD PROPERTIES, LLC *DBA* Arby's Restaurant operates and owns a fast food restaurant in Wixom, Michigan, which is located at 49800 Grand River, Wixom MI in Oakland County. Plaintiff has patronized Defendant's business and its facilities previously as a place of public accommodation.

6. Upon information and belief, the fast food restaurant owned and operated by JUD PROPERTIES, LLC is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a restaurant constitutes a place of public accommodation, and it fails to comply with the ADA and its regulations, as also described further herein.

7. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active Southeast Michigan adaptive sports community, including in local marathons, half marathons, hand cycle events, and adaptive water skiing events at the area's many lakes, along with the various local organizations and other enthusiasts in the community. Leland Foster frequents many establishments in Oakland County and has visited and been a customer at Defendant's restaurant, Arby's, which forms the basis of this lawsuit on May 28, 2015 and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

8. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice.

        Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to

  the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11.  The Defendant has discriminated, and is continuing to discriminate, against Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

12.  A preliminary inspection of the hotel owned by the Defendant has shown that violations of the ADA exist. These violations include, but are not limited to:

Handicap Accessible Parking

  A.  The designated handicap accessible parking spaces lack or have insufficient adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

  B.  Defendant's facilities fail to provide sufficient or any designated van accessible parking spaces with required access aisles for handicapped persons, in violation of the ADA whose remedy is readily achievable.

  C.  Defendant fails to provide a sufficient number of handicap accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

  D.  Parking spaces and access aisles (if any) are located on ground with excessive slopes and cross slopes, in violation of the ADA whose remedy is readily achievable.

  E.  Defendant's limited handicap accessible parking spaces fail to lead to an accessible route, in violation of the ADA whose remedy is readily achievable.

  F.  Defendant's limited handicap accessible parking spaces fail to be properly marked and signed, in violation of the ADA whose remedy is readily achievable.

Accessible Routes

  G. The sidewalks at the restaurant, where accessible, fail to provide sufficient width for an accessible route, in violation of the ADA whose remedy is readily achievable.

  H. The facility's Curb Ramps fail to provide a level landing at the bottom and top, in

      violation of the ADA whose remedy is readily achievable.

Public Restrooms

    I. The facility's public restroom mirror is mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable.

    J. The paper towel dispenser in the facility's public restroom is mounted in excess of allowable range, in violation of the ADA whose remedy is readily achievable.

    K. The toilet seat in the public restroom fails to satisfy the required height requirement for access by the facility's handicapped patrons, in violation of the ADA whose remedy is readily achievable.

    L. The facility's Unisex Accessible Restroom is not properly mounted or sufficiently designated, in violation of the ADA whose remedy is readily achievable.

    M. The public restroom's hand dryer does not operate, in violation of the ADA whose remedy is readily achievable.

Access to Goods and Services

    N. The facility's various self-service items and "ring the bell" access within the establishment are mounted in excess of allowable reach range, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    O. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

14. The discriminatory violations described in Paragraph 13 by Defendant are not an exclusive list of the ADA violations found at its place of public accommodation. Plaintiff requires further inspection of the Defendant's restaurant and property in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the

immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

15. Plaintiff restates the allegations of ¶¶1-14 as if fully rewritten here.

16. The facility at issue, as owned by Defendant JUD PROPERTIES, LLC. *DBA* Arby's Restaurant is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

17. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

18. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

19. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

**COUNT II**
**VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**
**M.C.L. § 37.1301** *et seq.*

20. Plaintiff restates the allegations of ¶¶1-19 as if fully rewritten here.

21. JUD PROPERTIES, LLC. *DBA* Arby's Restaurant is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

22. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

23. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (P66315)
Law Office of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
BRYANT LEGAL, LLC
6600 W. Sylvania Ave., Suite 260
Sylvania, OH 43560
Phone: (419) 340-3883
Email: mbryant@bryantlegalllc.com