UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **LELAND FOSTER**, | ) |
|     Plaintiff, | ) |
| v. | )    Case No. 2:15-cv-12985-MAG-MJH |
| **JUD PROPERTIES, LLC**, a Michigan Limited Liability Company, | ) |
| | ) |
| *DBA* | )    Judge: Mark A. Goldsmith |
| **Arby's** | ) |
|     Defendant. | ) |
| | ) |

CONSENT JUDGMENT

WHEREAS, Plaintiff Leland Foster ("Foster") filed this action against JUD Properties, LLC, a Michigan Limited Liability Company ("JUD") in the United States District Court for the Eastern District of Michigan, Case Number 2:15-cv-12985;

WHEREAS, Foster alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and M.C.L. § 37.1301 *et seq*. at JUD's property, which presently is being operated as a restaurant, a public accommodation, located at 49800 Grand River, Wixom, MI in Oakland County (hereinafter, the "Property");

WHEREAS, the Parties desire to resolve this matter, without further formal proceedings and have voluntarily entered into a Complete and Permanent Settlement and Release Agreement ("the Agreement");

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Decree and Order and in the Agreement, the parties request the Court to enter consent judgment accordingly.

1. <u>Undertakings by JUD:</u>

Without admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint and all other allegations brought or which could have been brought in this action with respect to the Property, JUD agrees to, within two (2) years following the Court's entry of the Consent Decree and Order, subject to a reasonable extension due to acts of God, or events beyond control of JUD, perform the following barrier removal, alterations, and modifications at and to the Property in compliance with Title III of the ADA:

A. JUD will provide van accessible parking at the Property with a compliant access aisle and marked as "Van Accessible", access aisles shall adjoin an accessible route from parking to entrance, in compliance with Sections 208.2.4, 502, and 502.2 of the 2010 Standards and the ADA.

B. JUD will properly identify all designated accessible parking at the Property, along with the International Symbol of Accessibility, in compliance with section 502.6 and 703.7.2.1 of the 2010 Standards. Id.

C. JUD will provide for access aisles, of appropriate length and dimension, access aisles shall adjoin an accessible route from parking to entrance, as required by section 503.3-503.5 of the 2010 Standards.

D. JUD will provide for an accessible route free from inaccessible ramps, slopes, or debris from its designated accessible parking and into the restaurant in compliance with Section 206.2.1 and 206.2.2 of the 2010 Standards.

E. JUD will provide for a sufficient number of designated accessible parking places at its restaurant and facility, in compliance with Table 208.2 of the 2010 Standards.

F. JUD will remove and/or modify non-compliant ramps on the Property of insufficient grade or pitch and shall modify the existing ramps and/or install accessible ramps with accessible routes that comply with sections 405 and 406 of the 2010 Standards, including but not limited to: ensuring that the ramps shall not have a running slope steeper than 1:8 or a cross slope steeper

       than 1:48.

G.     JUD will remediate the sidewalks to provide a level landing at the top and bottom of the ramps in compliance with Section 406.4 of the 2010 Standards.

H.     JUD will widen the sidewalks to be compliant with section 403.5.1 of the 2010 Standards.

I.     JUD will ensure that all its amenities, including but not limited to the self-service counter, are situated within allowable reach range, in compliance with Section 308.2.2 of the 2010 Standards.

J.     JUD will relocate or remove the restroom amenities, including but not limited to its mirror and paper towel dispenser, to be situated within appropriate reach and height range in accordance with Section 308.2 and 603.3 of the 2010 Standards.

K.     JUD will provide a toilet seat in its designated accessible restrooms that complies with the height requirements of Section 604.9.3 of the 2010 Standards.

L.     JUD will provide appropriate signage for the accessible restrooms that comply with Section 703.4.1 and Section 703.4.2 of the 2010 Standards - along with the International Symbol of Accessibility.

M.     JUD will correct the grab bars in its restrooms to comply with Section 604.5.1 of the 2010 Standards; specifically, the side grab bar will be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall.

N.     JUD will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a)

2. <u>Undertakings by Plaintiff Foster</u>:  Foster agrees that he is releasing JUD, and the member(s) of JUD, as well as its/their (as applicable) parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.  Foster further agrees that the completion of the above-referenced modifications will fully resolve his claims against the Defendants in the above-captioned matter, and consents to the Court's dismissal of this matter.

3. The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

4. Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

5. <u>Plaintiff's Fees and Expenses</u>: JUD shall pay or cause to be paid the total of Ten Thousand Dollars ($10,000) directed to Foster and Foster's counsel of record, the Law Office of Owen B. Dunn, Jr. and BRYANT LEGAL, LLC.  Payment shall be made to the order of "Law Office of Owen Dunn, Jr." and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

6. <u>Jurisdiction</u>: The parties have requested the Court to dismiss the case without prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this

4

Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern District of Michigan. The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.

7. <u>Judgment</u>: Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The Court enters judgment accordingly:

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon completion of the responsibilities set forth in this Decree and Order, the Defendant is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan law as of the date of this Judgment Entry.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that with the concurrence of each of the parties, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order. The "without prejudice" language shall not allow the parties to reopen issues resolved by this dismissal.

SO ORDERED.

Dated: February 19, 2016         s/Mark A. Goldsmith
      Detroit, Michigan         MARK A. GOLDSMITH
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 19, 2016.

                                              s/Karri Sandusky
                                                  Case Manager


Approved by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ Matthew B. Bryant
Matthew B. Bryant, Counsel for Plaintiff

/s/ Kim Savage
Kim Savage, Counsel for Defendant JUD Properties, LLC